## VAN ATTA v. VAN ATTA.

(First Division.  Juneau.  June 25, 1920.)

No. 1809–A.

1. Divorce ⬖213—Alimony.

> Poverty of a husband is no defense to an application for alimony, where the action is brought by him, because he should not be permitted to prosecute an action, if he cannot furnish the wife with the means necessary to make her defense.

2. Divorce ⬖209, 214(3)—Alimony.

> When a husband brings a suit for divorce, the granting of alimony to the wife is almost a matter of course, for the presumption of the law is that she has no separate means, as the husband usually holds the purse strings.  When it is clearly made to appear that this is not the case, and that the wife is well fixed financially, no alimony will be allowed.

The defendant has made a motion that plaintiff be required to pay the sum of $300 as suit money, and an additional sum of $50 per month for support pending the action. She supports her motion by her own affidavit, wherein she sets forth that she has a good and meritorious defense to the action, that she is at present in Seattle, and that it will be necessary for her to come to Juneau for the trial of the case, and also to take depositions in support of her defense. She further alleges that she is totally without means, and unless the court requires the plaintiff to pay the alimony requested she will be prevented from presenting her defense.

In reply, the plaintiff alleges by affidavit that he is unable to pay alimony, that the defendant is not in need, and that she has no defense to the action.

John R. Winn, of Juneau, for plaintiff.

John Rustgard, of Juneau, for defendant.

JENNINGS, District Judge.  Thus it will be seen that the opposition to the granting of alimony and suit money is on two grounds: (1) That plaintiff is not able to pay; (2) that defendant is not in want and does not need any allowance.

As to the first ground of opposition, to wit, the inability of plaintiff to pay alimony, the law is well settled that such inability constitutes no reason why the court should not make

⬖See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

an order granting alimony, when the suit is brought by the husband against the wife.

"Poverty of a husband is no defense to an application for alimony where the action for divorce is brought by him, because he should not be permitted to prosecute an action if he cannot furnish the wife with the means necessary to make her defense." 19 Corpus Juris, p. 216.

As to the second ground of opposition, to wit, that the wife is not in need of alimony or suit money, there is before the court on this point only the affidavits of the plaintiff and the defendant; defendant alleging that she is unable to appear for trial or properly conduct her defense without alimony, and the defendant denying those allegations. When a husband brings a suit for divorce, the granting of alimony to the wife is almost a matter of course, for the presumption of the law is that she has no separate means, as the husband usually holds the purse strings. When it is clearly made to appear that this is not the case, and that the wife is well fixed financially, no alimony will be allowed; but how the court can reasonably decide that the wife has means, when she states on oath that she has no means, and there is no other proof, except the counteraffidavit of the husband to the effect that she has means, is not apparent.

I think that a reasonable allowance in this case, considering the means and station in life of the plaintiff, would be the sum of $200. This will enable her to pay her attorney $100, pay the expenses of a trip from Seattle to Juneau and return, and allow her a small sum to be used in taking such depositions as she may desire. This order will be without prejudice, of course, to the awarding of an additional amount, if it shall become necessary.

So far as allowing the defendant $50 per month during the pendency of the suit, I cannot see any necessity for that, as the affidavits on both sides show that she is living in Seattle with her unmarried son.